# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JEREMY BOWER,**
**Claimant Below, Petitioner**

**FILED**

**November 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0440** (BOR Appeal No. 2052273)
              (Claim No. 2016030460)

**SPARTAN MINING COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeremy Bower, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Spartan Mining Company, by Sean Harter, its attorney, filed a timely response.

The issues on appeal are compensability of additional conditions, temporary total disability benefits, and medical benefits. The claims administrator denied a request for authorization of a lower extremity EMG/NCS on October 14, 2016. On December 13, 2016, it denied a request for a consultation with Barry Vaught, M.D. The claims administrator closed the claim for temporary total disability benefits on January 23, 2017. It denied the addition of cervical joint dysfunction, lumbar joint dysfunction, cervical disc protrusion, and lumbar disc protrusion to the claim on April 18, 2017. The Office of Judges affirmed the decisions in its October 18, 2017, Order. The Order was affirmed by the Board of Review on April 20, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bower, an electrician, was injured in the course of his employment on May 13, 2016, while lifting a crossover bar. He sought treatment that day from Raleigh General Hospital and the notes indicate he was treated for back pain after a lifting injury at work. He had decreased

1

range of motion and tenderness in the lumbar spine. The cervical spine showed no tenderness and no range of motion restriction. Mr. Bower was diagnosed with sacroiliac strain and degenerative disc disorder of the cervical spine. Mr. Bower completed an employees' and physicians' report of injury on May 14, 2016. The body parts effected were listed as the back and neck. The physician's section indicates Mr. Bower suffered a left sacroiliac strain. He was released to return to work on May 18, 2016. A cervical MRI performed on June 2, 2016, showed congenital fusion at C5 and C6. It was noted that the test was performed because Mr. Bower had sustained a lifting injury at work that caused neck pain and left arm numbness. The claim was held compensable for sacroiliac joint sprain. Cervicalgia and low back pain were denied as compensable conditions.

A lumbar MRI was performed on June 23, 2016, and showed early degenerative disc disease at L5-S1 and a small annular tear. Mr. Bower had previously undergone a lumbar MRI in July of 1999. That MRI showed a central disc protrusion at L5-S1 resulting in mild spinal stenosis. An independent medical evaluation performed in January of 2000 indicated Mr. Bower had sustained work-related lower back injuries in 1994 and 1999.

On August 17, 2016, Rajesh Patel, M.D., treated Mr. Bower for low back and neck pain after lifting a bar at work. Mr. Bower had not returned to work since the injury. He had limited range of motion in the cervical and lumbar spine. Lumbar x-rays showed disc degeneration. Dr. Patel diagnosed lumbar sprain, cervical sprain, lumbar annular tear at L5-S1, cervical disc protrusions at C4-5 and C6-7, and congenital fusion at C5-6. Dr. Patel recommended physical therapy, injections, and medication. He also recommended a neurological consultation to assess Mr. Bower's headaches.

Mr. Bower was treated by Michael Kominsky, D.C., on September 21, 2016, for neck pain, lower back pain, and left leg pain after a work injury. On October 3, 2016, Mr. Bower reported 25% improvement in his pain. On October 20, 2016, he reported 50% improvement. On October 24, 2016, Mr. Bower reported continued lower back and bilateral leg pain. He had decreased range of motion and decreased sensation along the L5-S1 dermatome. Dr. Kominsky diagnosed L5-S1 disc bulge with a central annular tear, disc desiccation at L4-5, and rule out left L5-S1 nerve root compression. Mr. Bower also treated with Michael Muscari, M.D., and on October 7, 2016, he requested authorization for a lower extremity EMG/NCS for evaluation of weakness and paresthesia in the left leg. The claims administrator denied the request on October 14, 2016.

Marsha Bailey, M.D., performed an independent medical evaluation on November 15, 2016, in which she noted that Mr. Bower's most significant complaint was left lower back leg that extended into the left leg. He also reported constant neck pain that extended into the left shoulder and arm and migraines. Lumbar range of motion measurements were pain restricted and invalid. Neurological evaluation showed no objective findings of sensory deficits in the upper or lower extremities. Dr. Bailey diagnosed chronic lumbar and cervical pain without true radiculopathy. She opined that it was reasonable to assume that Mr. Bower sustained a lumbar sprain as a result of the compensable injury. The sprain should have resolved and was no longer the cause of Mr. Bower's reported symptoms. Dr. Bailey noted that the lumbar MRI performed

2

after the injury showed only degenerative disc disease and a small annular tear. The cervical MRI showed only a congenital fusion. Dr. Bailey determined that Mr. Bower's headaches were unrelated to the compensable injury. She found that he showed an extreme amount of symptom magnification during examination. Dr. Bailey concluded that Mr. Bower had reached maximum medical improvement for his compensable lumbar sprain and required no further treatment.

On November 28, 2016, Jackie Shorter, PA-C, saw the claimant and indicated that he was currently receiving chiropractic and physical therapy treatment. He still reported neck pain and migraines as well as lower back pain, left leg pain, numbness, and tingling in his toes. Mr. Shorter diagnosed lumbago and cervicalgia and recommended a consultation with a specialized and an EMG/NCS of the lower extremities. On December 1, 2016, Dr. Kominsky treated the claimant for pain in his lower back, left leg, and neck. He remained off of work. Dr. Kominsky recommended an MRI and an orthopedic consultation. On December 8, 2016, Dr. Muscari requested referral to Dr. Vaught for evaluation of low back and neck pain, radiculopathy, and recurrent migraines. The claims administrate denied the consultation with Dr. Vaught on December 13, 2016.

On December 15, 2016, Dr. Kominsky stated that Mr. Bower was to remain off of work due to pain in the lower back and left leg. On December 19, 2016, he requested an EMG of the upper extremities. The claims administrator closed the claim for temporary total disability benefits on January 23, 2016.

Dr. Kominsky requested the addition of cervical joint dysfunction, lumbar joint dysfunction, cervical disc protrusion, and lumbar disc protrusion to the claim on February 8, 2017. In support, he noted that physical examination showed muscle tenderness in the cervical spine, stiffness, and decrease in cervical spine suppleness. He also noted that the lumbar MRI showed an annular tear at L5-S1. Finally, he noted that Dr. Patel diagnosed lumbar disc tear at L5-S1 and cervical disc protrusions at C4-5 and C6-7. In a treatment note the following day, Dr. Kominsky noted that Mr. Bower had continued neck pain, mid back pain, and lower back pain that made him unable to work. Dr. Kominsky opined that he had not reached maximum medical improvement and remained temporarily and totally disabled. He recommended additional physical therapy, referral to an orthopedic surgeon, and referral to pain management.

In an April 11, 2017, lumbar MRI age of analysis report, Kenneth Fortgang, M.D., reviewed the June 23, 2016, MRI and noted evidence of mild spondylosis with disc bulging. He opined that the L5-S1 annular tear was not related to the compensable injury. He concluded that the MRI showed no specific findings associated with the timeframe of the compensable injury. In a cervical MRI age of analysis report, Dr. Fortgang reviewed the June 2, 2016, MRI and opined that the findings of disc bulging at C4-5 and C6-7 are chronic and not related to the compensable injury. He stated that modic changes are markers for chronic changes. He also opined that the bulges were likely exacerbated by the congenital fusion at C5-6, which is also unrelated to the compensable injury. He concluded that there were no specific findings associated with the timeframe of the compensable injury.

The claims administrator denied a request to add cervical joint dysfunction, lumbar joint dysfunction, cervical disc protrusion, and lumbar disc protrusion to the claim on April 18, 2017. On June 7, 2017, Dr. Kominsky opined that the cervical joint dysfunction, lumbar joint dysfunction, cervical disc protrusion, and lumbar disc protrusion are causally related to the compensable injury. He opined that the L5 disc protrusion and cervical disc protrusions seen on the 1999 MRI were aggravated by the compensable injury and should be added to the claim.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on June 7, 2017, and noted that range of motion measurements of the lumbar spine were invalid due to symptom magnification and lack of effort. Neurological examination showed normal sensation in the lower extremities. Dr. Mukkamala opined that Mr. Bower sustained a lumbar sprain or sacroiliac sprain as a result of the compensable injury. He noted the age of injury analysis of the MRIs and concluded that the MRIs show preexisting conditions only. Dr. Mukkamala opined that cervical joint dysfunction, lumbar joint dysfunction, cervical disc protrusion, and lumbar disc protrusion are not causally related to the compensable injury. He also found that Mr. Bower's headaches are not related to the compensable injury. He found that he did not initially report headaches and did not report them until much later. He found Mr. Bower to be at maximum medical improvement and opined that an EMG/NCS and neurological evaluation were not necessary as Mr. Bower had no clinical evidence of radiculopathy.

In a July 28, 2017 treatment note, Dr. Kominsky opined that cervical joint dysfunction, lumbar joint dysfunction, cervical disc protrusion, and lumbar disc protrusion are a direct result of the compensable injury. He stated that the diagnoses did not predate the compensable injury. In support, he noted that Mr. Bower had no symptoms and required no treatment before the injury occurred.

The Office of Judges affirmed the claims administrator's decisions in its October 18, 2017, Order. It found that Dr. Kominsky's request to add cervical disc protrusion and cervical joint dysfunction to the claim is not supported by the medical evidence. Mr. Bower was initially treated at Raleigh General Hospital, and the medical record from that day shows no evidence of neck injury. The neck was noted to be non-tender with full range of motion and no evidence of injury. Further, the imaging evidence of record does not support a cervical injury. The only cervical MRI of record was interpreted by Dr. Patel and Dr. Fortgang. Dr. Patel did not relate the findings to the compensable injury, and Dr. Fortgang found that the cervical disc protrusions were the result of chronic changes, not acute injury. His opinion was found to be supported by the findings of Drs. Bailey and Mukkamala, both of whom found that the cervical disc findings were preexisting. Dr. Kominsky was the only physician of record to opine that the cervical condition resulted from the compensable injury. The Office of Judges concluded that his opinion was not supported by the weight of the medical evidence.

The Office of Judges next found that Dr. Kominsky requested the addition of lumbar joint dysfunction and lumbar disc protrusion to the claim. The Office of Judges found that the weight of the evidence indicates the protrusion preexisted the compensable injury. An MRI taken on July 7, 1999, showed the same L5-S1 disc protrusion that Dr. Kominsky requested be held compensable. Further, Drs. Mukkamala, Bailey, and Fortgang all opined that the lumbar

4

diagnoses are not related to the compensable injury. The Office of Judges found that Dr. Kominsky later opined that the preexisting lumbar and cervical conditions were aggravated by the compensable injury and should therefore be held compensable. The Office of Judges determined, however, that pursuant to *Gill v. City of Charleston* 236 W.Va. 737, 783 S.E.2d 857 (2016), a noncompensable preexisting condition cannot be held compensable merely because it was aggravated by a compensable injury. Accordingly, the requested cervical and lumbar spine conditions were found to be noncompensable.

The Office of Judges next turned to the issue of temporary total disability. It found that Dr. Bailey performed an independent medical evaluation on November 15, 2016, at which time she found Mr. Bower to be at maximum medical improvement. Dr. Kominsky disagreed following Dr. Bailey's evaluation. The Office of Judges found Dr. Bailey's opinion to be supported by the independent medical evaluation of Dr. Mukkamala. The claim has only been held compensable for sacroiliac sprain and the findings of maximum medical improvement were found to be reliable. Dr. Kominsky's findings of continued disability were based on his diagnoses of lumbar and cervical conditions, which were found to be noncompensable.

Lastly, the Office of Judges addressed the request for an EMG/NCS study of the lower extremities and a consult with Dr. Vaught. It determined that Dr. Muscari requested the EMG/NCS for evaluation of weakness and numbness in the lower legs. The Office of Judges found that lumbar radiculopathy, the diagnosis behind the request for an EMG/NCS, is not a compensable condition in the claim. Further, there has been no request to add the condition to the claim. The Office of Judges found that there was no support in the evidentiary record of the addition of lumbar radiculopathy to the claim. Lastly, even if there was evidence that Mr. Bower has lumbar radiculopathy, it would be related to the noncompensable lumbar disc protrusion, not the compensable soft tissue injury. The Office of Judges also found that the consultation with Dr. Vaught was for the treatment of radicular complaints and recurrent migraines. Neither condition is a compensable component of the claim, and there has been no request made that they be added to the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 20, 2018.

After review, agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Dr. Kominsky's request to add cervical and lumbar disc protrusions and joint dysfunction to the claim are not supported by the medical evidence. Mr. Bower has been found to have reached maximum medical improvement for his compensable sprain and temporary total disability benefits were therefore properly suspended. Lastly, the request for a consult with Dr. Vaught was made for a noncompensable condition and was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:**  November 2, 2018


**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.